## HOLLING v GORDON CHECKER TAXICAB CO

Ohio Appeals, 2nd Dist, Franklin Co

No. 2022. Decided Sept 29, 1931

J. A. White and M. A. Coughlin, Columbus, for Holling.

S. B. Schwartz, Columbus, Samuel Gurevitz and E. A. Moriarity, for Gordon Taxicab Co.

HORNBECK, J.

"I cannot see the proof of negligence here. It is one of those unfortunate cases where the driver of the north and south car was unfortunately relying on the light or the appearance of a light which was not working, and clearly, as between the parties, the evidence is more of proof of the negligence of the driver of the north and south car than of the east and west car. * * * The evidence is undisputed that he (the driver of defendant's car) had the green light going east and west. There are six direct witnesses and no witnesses to the contrary. Three of your witnesses (referring to the witnesses for the plaintiff) show that the north and south light was not working, properly at least; it did not show either an amber light or a red light, and the north and south driver might easily have been deceived by the fact when they got close to the light that it was dark and not red and mistaken that for being green. Certainly seeing no other light they assumed to go ahead on it. But inasmuch as there is positive proof that the north and south light was not working, the court finds no scintilla from which an inference may be drawn that the red light east and west was against the driver of the taxicab, in the face of the positive testimony of six witnesses having the green light east and west."

If the facts in the record support the conclusions of the court the action on the motion was well taken.

The rule controlling the action upon a motion for a directed verdict is well stated in the syllabus of **The Painesville Utopia Theatre Co. v Lautermilch, 118 Oh St, 167:**

"Whenever, from conflicting evidence of the same witness or of different witnesses, it becomes necessary to weigh such conflicting evidence to determine wherein the probable truth lies, or from a combination of circumstances determine an ultimate fact upon the determination of which different minds might reasonably arrive at different conclusions, it is the province of the jury to perform that function. It is reversible error for the court to invade that province of the jury."

And in **Pope, Admx. v Mudge, et, 108 Oh St, 192:**

"It is error for the court to direct a verdict against the plaintiff, where, by giving to the evidence the most favorable interpretation toward him which any of the evidence will reasonably warrant, there is some evidence tending to support the allegations of the petition.

"If, in ruling upon a motion to direct a verdict, the court is required to detect the truth from conflicting evidence of the same or different witnesses, the motion should be overruled."

We are not meeting the case which would have been made had the evidence distinctly shown that the north and south light at

the intersection where the accident occurred showed green all the time, or that it showed green when the east and west light also showed green. We are not called upon to say whether or not the plaintiff would have been entitled to go to the jury even though she had gotten into the intersection at the time when the defendant's driver had the green light, although we would not say she would not have such right in view of the state of the record.

The specifications of negligence with which we are concerned are these:

"That the defendant through its employee and agent was guilty of negligence,

"1. In improperly operating said automobile on the left or south side of said Second Avenue.

"5. In driving said automobile into North Fourth Street against a red signal light in violation of §1817 (æ) of the codified ordinance of the city of Columbus, Ohio, which ordinance is set forth."

It is not necessary to quote from the record to disclose that there is much testimony to the effect that defendant's driver drove into plaintiff's car at a time when she had arrived within a short distance of the southwest corner of the intersection, and that therefore at the time of the impact the driver of the defendant's car was on his left side of the street and over into territory in which the plaintiff had a right to be without respect to her right to enter the intersection when she did.

A brief quotation from the testimony of one witness is convincing that although the north and south light was not working as such lights are designed to do, yet it did properly apprise those moving north and south when they could proceed. In other words, that the green light did appear when the north and south traffic had the right of way. Those who operate automobiles appreciate that if but one light is working properly, namely, the green light, and it is with them, sufficient notice is given to authorize driving into an intersection when this color appears, and that the amber and red lights are negative signals only. Several of the witnesses of the plaintiff were uncertain and their testimony may have indicated that the green light appeared almost continuously and that north and south traffic might be invited into the intersection at a time when the east and west light would be green, but George E. Megahey definitely explains how the north and south light operated.

"Cross examination of Mr. Schwartz (Page 39):

"Q. In other words, there was nothing abnormal about the east and west lights? A.. No sir.

Q. They were red, amber and green in sequence? A. Yes.

Q. Spaced at proper intervals? A. Yes.

Q. Nothing wrong with east and west signals? A. No sir.

Q. But it was the north and south signals you say worked improperly? A. Improper.

Q. Now the thing that you say was wrong was that the light showed green at the proper time but failed to show amber? A. Yes.

Q. At the proper time, and failed to show red at the proper time? A. Yes.

Q. So, I take it, the light would be green then for a period of nineteen or twenty seconds, whatever that time interval may be? A. Yes.

Q. Then there would be a period of darkness for an equal period of time? A. Yes.

Q. Then it would become green again; is that right? A. Yes.

Q. (By the Court): Then we are to understand that the yellow and the red lights were not working? A. Yes.

Q. And that during all the time that the red and yellow lights would normally be on it was dark? A. Yes.

Q. And it was not that the green light flashed off and then it flashed on for, but there was a period elapsed it was entirely dark between the time of the yellow and red light? A. It showed green and then there wouldn't be any amber come on, and then it would show green again.

Q. Would it show green in place of the red? A. There was a few moments elapsed.

Q. **Long enough for both the red and amber light?** A Yes."

There is little of uncertainly about the import of this testimony and to us it is susceptible of the understanding that the green signal was visible only at the time when it properly should have appeared and that the light was dark during the period usually occupied by the display of the amber and the red signals. If this be true then the express testimony of the plaintiff that she had the green light when she entered the intersection and that she followed it as long as she could see it prior to going into Second Avenue was sufficient to establish her right under the ordinance to enter the intersection and to refute any

138

suggestion of negligence on her part in so doing. It is undisputed that the east and west traffic light was properly working, and it is a permissible inference, which a jury had a right to draw, that if the green light north and south appeared at the proper time, then during this period there was a red light for east and west traffic. If this inference were drawn the jury would have believed that the driver of the defendant's car could not have had the green light as testified by him and the occupants of the cab. The testimony of defendant's witnesses was plausible and the jury may well have believed them, but there was a conflict in testimony respecting due care of defendant's driver in operating his taxicab over and upon his wrong side of the street and striking, so the plaintiff's witnesses say, the front of the Ford car. And there likewise was an inference which the jury had a right to draw that he did not have the green light when he entered the intersection, notwithstanding his testimony and that of his passengers.

The syllabus of the cases heretofore quoted are especially pertinent, because it became necessary in this case to weigh conflicting evidence of different witnesses.

We are of opinion that upon both the first and fifth specifications of negligence there was testimony from which reasonable minds might draw different conclusions, and these questions of fact were for the jury to determine and that the court in sustaining the motion invaded the province of the jury.

The judgment of the trial court will be reversed and cause remanded for a new trial.

ALLREAD, PJ and KUNKLE, J, concur.